FILED

2003 DEC -4 P 5: 08

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE COMPUTING TECHNOLOGY INDUSTRY ASSOCIATION, INC.<br><br>PLAINTIFF<br><br>VS.<br><br>MALA PREMANEY, INDIVIDUALLY; MALA PREMANEY D/B/A ADARSHA COMPUTERS; MALA PREMANEY D/B/A CHEATEXAMS.COM; MALA PREMANEY D/B/A TROYTEC.COM; MALA PREMANEY D/B/A TESTKILLER.COM; TUSHAR BHAGAT, INDIVIDUALLY; TUSHAR BHAGAT D/B/A ADARSHA COMPUTERS; TUSHAR BHAGAT D/B/A CHEATEXAMS.COM; TUSHAR BHAGAT D/B/A TROYTEC.COM; TUSHAR BHAGAT D/B/A TESTKILLER.COM, ADARSHA COMPUTERS; D/B/A CHEATEXAMS.COM<br><br>DEFENDANTS. | CIVIL ACTION<br>NO. 3:03cv323(SRU)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>OCTOBER     , 2003 |

## ORDER OF DEFAULT JUDGMENT

On _December 4, 2003_ the Court considered The Computing Technology Industry Association, Inc.'s ("CompTIA") Motion for Default Judgment under Rule 55 of the Federal Rules of Civil Procedure. After considering the papers submitted in connection with the application, the papers on file in this action, and the authorities cited, the Court finds as follows:

1. The Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1338, as this is an action for monetary and equitable relief, based upon violations of the Copyright Act, 17 U.S.C. § 101, et seq. and the Lanham Act, 15 U.S.C. § 1114(1) and § 1125(a). Supplemental jurisdiction exists under 28 U.S.C. § 1367(a) and § 1338(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) in that the acts, claims and injuries alleged in this Complaint occurred in this district, and as such, the Defendants may be found in this District.

3. As evidenced by the Return of Service related to Tushar Bhagat ("Bhagat") (as an individual and doing business as the various entities set forth in the caption), which has previously been filed with the Court, service of process was effected on Bhagat on August 16, 2003.

4. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), an answer was required to be served within twenty (20) days of the date of service. As such, an answer was due from Bhagat on September 5, 2003. To date, neither an answer nor an appearance has been filed by this Defendant.

5. As evidenced by the Return of Service related to Mala Premaney ("Premaney") (as an individual and doing business as the various entities set forth in the caption), which has previously been filed with the Court, service of process was effected on Premaney on August 22, 2003.

6.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), an answer was required to be served within twenty (20) days of the date of service. As such, an answer was due from Premaney on September 11, 2003. To date, neither an answer nor an appearance has been filed by this Defendant.

7.  Because the Defendants failed to timely file an answer or enter an appearance in this action, CompTIA filed a Motion for Entry of Default dated September 16, 2003. A default subsequently entered on October 3, 2003.

8.  On September 3, 2003, this Court heard Plaintiff's Motion for Preliminary Injunction. CompTIA's Vice President of Certification, Gene Salois, testified at the hearing and the Plaintiff submitted documents and other evidence in support of its claims. The Defendants did not appear in this action or testify at the hearing. At the conclusion of the hearing, the Court entered a preliminary injunction.

Based on the facts set forth above, the Court finds the following:

1.  That the Defendants have:

    (a)  willfully infringed CompTIA's rights in the following copyrighted Certification Exams under 17 U.S.C. §501:

        (i)    "A+ Core Hardware Exam",

        (ii)   "A+ Operating Systems Technologies Exam",

        (iii)  "Network+ Exam",

        (iv)   "i-Net+ Exam",

(v) "Server+ Exam".

2. That the Defendants have:

(a) willfully infringed CompTIA's rights in the following federally Registered Trademarks and servicemark under 15 U.S.C. §1114(1);

   (i) Registration No. 1,964,708 ("CompTIA");

   (ii) Registration No. 1,994,504 ("A+ Certification Program").

(b) committed and are committing acts of false designation of origin, false or misleading description of fact and false or misleading misrepresentation, and dilution of famous marks, against CompTIA as defined 15 U.S.C. §1125(a) and (c);

(c) engaged in unfair business practices under Conn. Gen. Stat. § 42-110b, et seq.;

(d) misappropriated trade secrets belonging to CompTIA in violation of Conn. Gen. Stat. § 35-50, et seq.;

(e) otherwise injured the business reputation and business of CompTIA by Defendants' acts and conduct set forth in this complaint.

3.  Accordingly, Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with the Defendants are hereby permanently enjoined from:

   (a) imitating, copying or making any other infringing use or infringing distribution of Certification Exams protected by CompTIA's Registered and Unregistered Trademarks and Servicemarks, including, but not limited to, the following Trademark Registration Nos.:

   (i) Registration No. 1,964,708 (CompTIA); and,

   (ii) Registration No. 1,944,509 (A+ Certification Program).

And the Unregistered Trademarks and Servicemarks: (1) A+ Core Hardware, (2) A+ O/S Technologies, (3) Network+, (4) Server+, (5) i-Net+, (6) Network+ Certification, (7) Server+ Certification, and (8) i-Net+ Certification; and the Certification Exams protected by the following copyrights:

   (i)   "A+ Core Hardware Exam";
   (ii)  "A+ Operating Systems Technologies Exam";
   (iii) "Network+ Exam";
   (iv)  "i-Net+ Exam"; and
   (v)   "Server+ Exam".

And any other works now or hereafter protected by any CompTIA trademark or copyright.

(b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any Certification Exam, document, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of CompTIA's Registered Trademarks, Service Mark, Unregistered Trademarks or copyrights, including, but not limited to, the trademarks, Service Mark and copyrights in Section 2(a) above;

(c) using any simulation, reproduction, counterfeit copy, or colorable imitation of CompTIA's Registered or Unregistered Trademarks, Service Mark, or copyrights, including, but not limited to the trademarks, Service Mark and copyrights listed in Section 2(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any Certification Exam, document or thing not authorized by CompTIA.

(d) using any false designation of origin or false description, which can, or is likely to lead, the information technology industry or public, or individuals, to erroneously believe that any Certification Exam or thing that has been manufactured, assembled,

produced, distributed, offered for distribution, circulated, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for CompTIA when such is not true in fact;

(e) using reproductions, counterfeits, copies or colorable imitations of CompTIA's copyrighted and trademark protected Certification Exams and other materials and the distribution, offering for distribution, circulation, sale, offering for sale, advertising, importing, promoting or displaying of spurious merchandise not authorized or licensed by CompTIA;

(f) using the name or any variation thereof of any of CompTIA's Registered or Unregistered Trademarks and/or copyrighted Certification Exams and/or original exam question in any of Defendants' trade or corporate names;

(g) engaging in any other activity constituting an infringement of any of CompTIA's Registered or Unregistered Trademarks, servicemark and/or copyrights, or of CompTIA's rights in, or right to use or to exploit these trademarks, servicemark, and/or copyright; and,

(h) utilizing and maintaining www.cheatexams.com, www.troytec.com, www.testkiller.com, or any derivation thereof,

        including any other website address, search engine, registration agent, internet host or other business or entity as a vehicle through which the Defendants display or make use of the Plaintiff's trademarks or distribute in any manner whatsoever any materials comprised in whole or in part of actual copyrighted exam questions and answers, described more fully above, owned by CompTIA, including but not limited to the Defendants' said "Study Guides" or "TestKillers; and,

(i)    assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) through (h) above, including, but not limited to the transfer of the domain names <u>www.cheatexams.com</u>, <u>wwwtroytec.com</u>, and <u>www.testkiller.com</u> to be utilized as a vehicle through which CompTIA's intellectual property rights are violated.

4.    The Court further orders the impoundment pursuant to 15 U.S.C. §1116(a)(d)(1)(A), 17 U.S.C. §§503 and 509(a) and 28 U.S.C. §1651(a) of all counterfeit and infringing copies of CompTIA's Certification Exams bearing any of CompTIA's Registered or Unregistered Trademarks or servicemarks, and any related item, including business records which are in Defendants' possession or under their control;

5. The Court further orders that the Defendants hold in trust, as constructive trustees for the benefit of CompTIA, their illegal profits gained from the distribution of counterfeit and infringing copies of CompTIA's Certification Exams, and requiring Defendants to provide CompTIA with a full and complete accounting of all amounts due and owing to CompTIA as a result of Defendants' illegal activities;

6. The Court further order the Defendants to pay CompTIA's general, special, actual and statutory damages as follows:

    (a) statutory damages pursuant to 17 U.S.C. § 504(c)(2) in the amount of $150,000 for each of the five (5) copyrighted Certification Exams infringed by the Defendants for a total statutory damage award of $750,000; and

    (b) CompTIA's damages and Defendants' profits pursuant to 15 U.S.C. § 1117 (a) in the amount of $497,234.10 as found by the Court in its Prejudgment Remedy Order.

7. The Court further orders Defendants to pay CompTIA both the cost of this action and the reasonable attorneys' fees incurred by it in prosecuting this action in the amount of $77,941.83.

The Clerk is directed to close this case.

**SO ORDERED**, this _4th_ day of _December_, 2003.

_____
Stefan R. Underhill
U.S. District Judge

BPRT/46893.69/BCR/494812v1